### RAGSDALE v. GATHMANN.

(Court of Appeals of District of Columbia.  Submitted May 13, 1924.  Decided
June 2, 1924.)

No. 1658.

Patents ⊛106(1)—In interference proceeding, sole question is one of priority.
     In an interference proceeding, sole question for Court of Appeals is
one of priority.

Appeal from Commissioner of Patents.
Interference proceeding between Earl J. W. Ragsdale 'and Emil
Gathmann.  From decisions awarding priority to the latter, the for-
mer appeals.  Affirmed.

Melville Church, of Washington, D. C., and Lucius E. Varney and
Manvel Whittemore, both of New York City, for appellant.
Lloyd B. Wight, of Washington, D. C., for appellee.

Before ROBB and VAN ORSDEL, Associate Justices, and
SMITH, Judge of the United States Court of Customs Appeals.

ROBB, Associate Justice.  Appeal from concurrent decisions of
the Patent Office tribunals in an interference proceeding awarding
priority of invention to Gathmann, whose patent was issued more
than a year prior to the filing date of Ragsdale's application.

The tribunals of the Patent Office, after independent examination
of the evidence, each reached the conclusion that Gathmann was the
first to conceive and reduce to practice the particular invention here
involved, namely :

"A practice bomb, comprising a body portion of plastic material vanes hav-
ing perforations in them through which the plastic material extends and
forms keys which firmly connect the vanes with the body."

With this finding we concur.  However, Ragsdale contends that,
inasmuch as prior to the entry of Gathmann into the field he had pro-
duced a bomb in which the method of fastening or anchoring the vanes
in the concrete body differed from that defined in the issue in this in-
terference, he should be awarded priority of invention.  In the early
Ragsdale structure the vanes were not perforated, as required by the
issue here, and his claim to priority on this branch of the case is based
upon the theory that he may invoke the doctrine of equivalents in an
interference proceeding.  But this he may not do.  The Patent Office,
through the allowance of this claim, has determined, so far as this
proceeding is concerned, that there is a patentable difference between
the two structures.  In such a case, therefore, the question before us
is one merely of priority, as we many times have ruled.  In Llewellyn
v. Upson, 45 App. D. C. 17, 21, we said:

"Upson here contends, as he did before the Patent Office, that there is no
patentable difference between the so-called broad counts awarded him, and
those awarded to Llewellyn.  What our opinion might be on this question, were
it before us, we need not intimate, since it is settled law that in an interfer-

⊛For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

ence proceeding we must assume that each count is patentably different from every other count. We have no more jurisdiction to question the patentability of the counts in an interference proceeding than in an ex parte proceeding."

See, also, Slingluff v. Sweet, 45 App. D. C. 302, where the question was again considered and the same conclusion reached.

It results that the decision must be affirmed.

Affirmed.